NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

IN RE TERMINATION OF PARENTAL RIGHTS AS TO S.C.

No. 1 CA-JV 25-0030

FILED 02-18-2026

Appeal from the Superior Court in Maricopa County
No. JS22201
The Honorable Thomas Marquoit, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Aaron Cortez, Buckeye
*Appellant*

The Sifferman Law Firm, P.L.L.C, Phoenix
By Mark S. Sifferman
*Co-Counsel for Appellee*

Simpson Law Firm, P.L.L.C, Glendale
By Lisa M. Simpson
*Co-Counsel for Appellee*

---

## MEMORANDUM DECISION

Judge Jennifer M. Perkins delivered the decision of the Court, in which Presiding Judge Michael S. Catlett and Judge Angela K. Paton joined.

---

**P E R K I N S**, Judge:

¶1 Aaron C. ("Father") appeals the juvenile court's order terminating his parental rights to Sadie (a pseudonym) and a prior order precluding him from participating in the termination proceedings. For the following reasons, we affirm.

### FACTS AND PROCEDURAL BACKGROUND

¶2 While pregnant with Sadie, Troi L. ("Mother") decided to put her up for adoption and contacted Agape Adoption Agency of Arizona ("Agape"). Mother signed an affidavit identifying Father as her unborn baby's potential father. On January 23, 2024, Father was served with a notice informing him that he was a potential father, pursuant to Arizona Revised Statutes Section 8-106(G) ("potential father notice"), that an adoption was planned, and if he wanted to withhold consent to the adoption, he had to serve Mother with a paternity petition within 30 days. Father was incarcerated at the time for kidnapping and firearm convictions.

¶3 Sadie was born on April 1, 2024. A few days later, Mother consented to Sadie's adoption. On April 9, Agape moved to terminate Father's parental rights, alleging that Father failed to file a paternity petition within 30 days of being served with the Section 8-106(G) notice, a ground for termination pursuant to Section 8-533(B)(5). On May 7, Father filed a paternity petition.

¶4 Agape moved to dismiss Father as a party to the termination proceeding. In response, Father argued that dismissing him would violate his due process and equal protection rights, claiming it was difficult to file the paternity petition in time because he was incarcerated. He argued that he was entitled to a trial on the substantive ground for termination and best interests. The court granted Agape's motion, dismissing Father as a party and precluding him from any further participation in the termination proceedings.

**¶5**     The court held a termination hearing after which it terminated Father's parental rights. Father appealed the order dismissing him from the proceedings and the final termination order. We have jurisdiction. *See* A.R.S. §§ 8-235(A), 12-2101(A)(1), 12-120.21(A)(1).

## DISCUSSION

**¶6**     Father argues that the court erred by terminating his parental rights on the Section 8-533(B)(5) ground and precluding him from participating in the termination hearing.

**¶7**     To terminate a parent-child relationship, the juvenile court must find by clear and convincing evidence that a statutory ground for termination exists, *see* A.R.S. § 8-533(B), and by a preponderance of the evidence that termination is in the child's best interests. *Brionna J. v. Dep't of Child Safety*, 255 Ariz. 471, 477, ¶ 20 (2023). We will accept the court's factual findings if supported by reasonable evidence and inferences, and we will affirm the court's legal conclusions on the statutory ground for termination unless clearly erroneous. *Id.* at 479–80, ¶¶ 31–32. We review questions of law and statutory interpretation *de novo*. *In re M.N.*, 259 Ariz. 120, 139, ¶ 15 (2025).

**¶8**     A potential father's parental rights may be terminated if he fails to file a paternity action within 30 days of being served with the potential father notice. A.R.S § 8-533(B)(5). Once a potential father misses that deadline, his consent to the termination is no longer required, and he has waived his right to receive notice of any judicial hearing regarding the termination. A.R.S. § 8-106(J).

**¶9**     Father does not dispute that he failed to file a paternity action within 30 days of receiving notice that he was a potential father. Rather, he contends that it was "impossible" for him to file the paternity action within 30 days because he was incarcerated and inmate legal services did not assist him. He relies on Section 8-106.01(E), which excuses a putative father's failure to comply with the putative father requirements if doing so "was not possible."

**¶10**     Because Father received proper notice, he was a potential father, not a putative father. *See In re M.N.*, 259 Ariz. at 141, ¶ 23 (a putative father has not been notified that he is a potential father and must self-identify to receive that notice). The impossibility exception in Section 8-106.01(E) does not apply to Section 8-106(J)'s 30-day deadline for potential fathers. Indeed, our supreme court has held that Section 8-106(J)'s 30-day deadline "is not subject to [any] equitable exceptions." *Cox v. Ponce*, 251

Ariz. 302, 307, ¶ 20 (2021). The court properly precluded Father from participating in the termination proceedings despite his alleged difficulties in meeting the 30-day deadline.

¶11      Father also argues the court violated his due process rights by precluding him from participating in the termination hearing. A potential father has "the right to receive notice of the adoption proceedings and to establish his paternity." *Richard M. v. Patrick M.*, 248 Ariz. 492, 498, ¶ 20 (App. 2020). But a potential father only has "the right to . . . participate in the termination" proceedings if he initiates a paternity action within 30 days of receiving the potential father notice. *Id.* at ¶ 21. By failing to timely file a paternity petition, Father waived his right to participate in the termination hearing. The court did not deny Father due process.

¶12      Regarding the termination order, the court properly found the Section 8-533(B)(5) ground existed because the record conclusively established that Father failed to file a paternity action within 30 days of being served with the potential father notice. A.R.S. § 8-533(B)(5). We accept the court's finding that termination was in Sadie's best interests because Father does not challenge it on appeal. *Michael J. v. Ariz. Dep't of Econ. Sec.*, 196 Ariz. 246, 249, ¶ 13 (2000). The juvenile court did not abuse its discretion in terminating Father's parental rights.

## CONCLUSION

¶13      We affirm.



**MATTHEW J. MARTIN • Clerk of the Court**
**FILED**:      JR